895 F.2d 1412
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Fred L. ANDERSON, Plaintiff-Appellee,
v.
Charles E. SLATER, Defendant-Appellant.
 No. 89-3130.
 United States Court of Appeals, Sixth Circuit.
 Feb. 16, 1990.
 
 Before DAVID A. NELSON and BOGGS, Circuit Judges, and FRANK J. BATTISTI, District Judge.*
 PER CURIAM.
 
 
 1
 This is a civil rights action filed against the mayor of Buckeye Lake, Ohio, under 42 U.S.C. Sec. 1983. The plaintiff's son was convicted in the Buckeye Lake Mayor's Court on a charge of drunken driving; three days later the defendant allegedly offered not to report the son's conviction to the state motor vehicle authorities if the plaintiff would agree to remove a political sign from in front of his business. The case comes before us on appeal from the district court's denial of a motion by the defendant for dismissal of the action on judicial immunity grounds. Agreeing with the district court that the doctrine of judicial immunity does not cover the conduct complained of here, we shall affirm the court's ruling.
 
 
 2
 * On April 5, 1987, Gregory Anderson, the 21-year-old son of Fred Anderson, the plaintiff-appellee, was arrested for drunken driving. On April 17 Gregory entered a plea of no contest i Buckeye Lake Mayor's Court. The defendant-appellant, Charles Slater, was the presiding official in the mayor's court.
 
 
 3
 Mayor Slater found Gregory Anderson guilty and fined him $267 plus costs. This occurred on the same day as the entry of the no contest plea, April 17, 1987.
 
 
 4
 Under Ohio's "point system," the conviction apparently should have resulted in the revocation of young Anderson's driver's license by the Bureau of Motor Vehicles. The amended complaint alleges, however, that:
 
 
 5
 "The Defendant telephoned Plainiff [sic] on 20 April 1987 after the arrest of Plaintiff's son which took place on 5 April 1987 to inform him that a deal could be made to lessen the severity of Plaintiff's son's sentence on the OMVI [operating a motor vehicle while intoxicated] if Plaintiff would remove a political sign from in front of his business."
 
 
 6
 (The political sign in question expressed opposition to a tax levy that Mayor Slater supported.) The amended complaint referred to a document from Mayor Slater's files reading as follows:
 
 
 7
 "4-20-87-Plea Bargaining-C. Slater-Fred Anderson-Take down sign-I'll tear up point sheet-Yellow sheet won't be sent in. / s/C.E. Slater."
 
 
 8
 The yellow "point sheet" referred to is a conviction abstract that must be sent to the Ohio Bureau of Motor Vehicles pursuant to Ohio Rev. Code Sec. 4507.021(B). The amended complaint alleged that the plaintiff did remove the sign, and that Mayor Slater refrained from sending the point sheet to the Bureau of Motor Vehicles.
 
 
 9
 Upon a motion to dismiss filed by Mayor Slater, the district court decided initially that the Mayor was entitled to absolute immmunity in respect of conduct associated with the "plea bargaining." Acting sua sponte, however, the court subsequently rescinded its order granting Mayor Slater absolute immunity. The court explained that it wished to reconsider in light of facts developed after the initial ruling and in light of Forrester v. White, 484 U.S. 219 (1988). After additional briefing, the district court held that Mayor Slater had no absolute immunity. This appeal followed.
 
 II
 
 10
 The denial of a claim of absolute immunity is appealable immediately, notwithstanding the absence of a final judgment. Nixon v. Fitzgerald, 457 U.S. 731, 742-43 (1982). See also Mitchell v. Forsyth, 472 U.S. 511, 530 (1985) (the denial of qualified immunity, to the extent it turns on a question of law, may also be appealed immediately).
 
 
 11
 It is well-established that a judge is immune from suit for "judicial acts" unless the judge acts in the clear absence of all jurisdiction over the subject-matter. Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 351-52 (1872). See also Stump v. Sparkman, 435 U.S. 349, 356-57, 362 (1978). Historically, this form of immunity has been "a comparatively sweeping" one. Forrester, 484 U.S. at 225. Nonetheless, absolute immunity is " 'strong medicine, justified only when the danger of [officials' being] deflect[ed from the performance of their duties] is very great.' " Id. at 230 (alterations by the Court), quoting Forrester v. White, 792 F.2d 647, 660 (7th Cir.1986) (Posner, J., dissenting).
 
 
 12
 We must first determine whether the act in question was "judicial."
 
 
 13
 'The relevant cases demonstrate that the factors determining whether an act by a judge is a "judicial" one relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." Stump, 435 U.S. at 362.
 
 
 14
 Put another way, if the official "is not called upon to exercise judicial or quasi-judicial discretion, he is not entitled to absolute judicial immunity." Richardson v. Koshiba, 693 F.2d 911, 914 (9th Cir.1982).
 
 
 15
 Mayor Slater argues that his agreement with the elder Anderson was "judicial because it was part of a plea bargain: "Mayor Slater called Anderson to strike a bargain concerning the sentence in that case. Having concluded the agreement, Mayor Slater sentenced according to it." But the Mayor has his timing wrong.
 
 
 16
 The amended complaint alleges, in keeping with the date on Mayor Slater's own note, that Fred Anderson was not contacted until April 20. The record of Gregory Anderson's conviction shows that Gregory was convicted and sentenced three days earlier, on April 17. The mayor completed his judicial function on the 17th, and the act in question here is not a plea bargain.
 
 
 17
 All that happened on the 20th, apparently, was that Mayor Slater offered to "tear up [the] point sheet"--that is, to fail to report the conviction to the Ohio Bureau of Motor Vehicles. The reporting of the conviction involved no "judicial or quasi-judicial discretion." Ohio law required that the abstract of the conviction be sent to the Bureau within ten days. Ohio Rev. Code Sec. 4507.021(B). Ohio law also specified the information required, which was to be recorded on a form provided by the Bureau. Ohio Rev.Code Sec. 4507.021(C). The act is purely ministerial and administrative.
 
 
 18
 The United States Supreme Court has recently reaffirmed that "immunity is justified and defined by the function it protects and serves, not by the person to whom it attaches." Forrester, 484 U.S. at 227. Judicial immunity serves the dual purposes of protecting judgments from inappropriate collateral attack and protecting judicial independence. See id. at 225. Neither purpose would be served by granting judicial immunity here. Plaintiff Anderson does not attack any aspect of his son's conviction and sentence. Nor is Mayor Slater's judicial independence at risk. The suit merely challenges the Mayor's alleged attempt to gain a personal advantage by refraining from performing a ministerial duty the statute said he had to perform. As the official responsible for reporting the conviction to the state, Mayor Slater is not entitled to absolute judicial immunity.
 
 
 19
 The judgment is AFFIRMED.
 
 
 
 *
 The Honorable Frank J. Battisti, United States District Judge for the Northern District of Ohio, sitting by designation